UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEWART TITLE GUARANTY COMPANY, )
A TEXAS CORPORATION, )
 )
      Plaintiff, )
 )
 )
v. ) No. 3:06-CV-331-TAV-CCS
 )
A&R TITLE AND CLOSING, INC, AGNEX L. )
ODLE, individually, RICKY LYNN ODLE, )
individually, RICKY LYNN ODLE doing business )
as TVK TITLE SERVICES, AGNES L. ODLE )
doing business as TVK TITLE SERVICES, )
 )
      Defendants. )

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 111] of the Chief District Judge.

Now before the Court is a Motion to Extend Judgment and Memorandum in Support [Doc. 110]. By way of background, the Court previously denied [Doc. 109] the Plaintiff's request for an order to show cause as to why Judgment should not be extended because Tennessee Rule of Civil Procedure 69.04 was amended to eliminate such procedure. The Plaintiff has now filed the instant Motion on June 2, 2017, requesting that Judgment be extended for an additional ten years should the Defendants fail to timely respond. For grounds, the Plaintiff states that on August 24, 2007,[1] the Court entered Judgment in favor of the Plaintiff against the Defendants, jointly and severally.

---

[1] The Court notes that the evidentiary hearing was held on August 22, 2007, [Doc. 73], and that the Order awarding damages [Doc. 75] was filed on August 29, 2007.

1

The Plaintiff continues that after giving credit for all payments against the Judgment, costs and post-judgment interest, the balance of the Judgment remains in full force and effect and unsatisfied by the Defendants. The Plaintiff states that the Motion is timely and provides the last known addresses for each of the Judgment Debtors.

Tennessee Rule of Civil Procedure 69.04 was amended, effective July 1, 2016, to provide as follows:

> Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years. A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor. If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court. If a response is filed within thirty days of the filing date of the motion, the burden is on the judgment debtor to show why the judgment should not be extended for an additional ten years. The same procedure can be repeated within any additional ten-year period.

Tenn. R. Civ. P. 69.04; *see also* Fed. R. Civ. P. 69(a) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). The 2016 Advisory Comments explain that the amendments eliminate the prior procedure of issuance of a show cause order by the Court.

The undersigned finds that the Plaintiff has complied with Tennessee Rule of Civil Procedure 69.04, except that Defendant Agnes L. Odle doing business as TVK Title Services was not included in the Certificate of Service. However, because service was sent to Agnes Odle, individually, and to Mr. Ricky L. Odle doing business as TVK Title Services, the Court will recommend that the Motion be granted. Further, the undersigned notes that the Defendants having not responded to the Motion, and the time for responding pursuant to Rule 69.04 having expired,

the Defendants are deemed to have waived opposition to the Motion. *See also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Accordingly, the undersigned **RECOMMENDS**[2] that the Plaintiff's Motion to Extend Judgment and Memorandum in Support [**Doc. 110**] be **GRANTED**. The Court further **RECOMMENDS** that the Judgment in this case be extended for an additional ten years. The Clerk of Court is **DIRECTED** to mail the instant Report and Recommendation to the Judgment Debtors at the addresses provided in the Plaintiff's Motion and to include Defendant Agnes L. Odle doing business as TVK Title Services.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).